UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO.:  8:06-cr-514-T-23MSS

RONALD EVAN MAYS
_____/

## ORDER ON MOTION TO DISMISS OR ARREST JUDGMENT

The defendant, Ronald Evan Mays, moves (Doc. 56) to dismiss or to arrest judgment as to Count Two of the indictment.  The defendant "contends that Count Two of the Superseding Indictment is a lesser included offense of Count One, and that, therefore, the judgment on Count Two violates the double jeopardy clause."  The defendant reasons that "the offense of simple assault under 18 U.S.C. § 113(a)(5) is the same offense found within 18 U.S.C. § 2244(b), which prohibits abusive sexual contact."  The defendant concludes that "either Mays has been convicted of the same offense twice or he was convicted of both a lesser and a greater offense based on the very same contact."

Schmuck v. United States, 409 U. S. 705, 714 (1989), expounding "the elements test," the formula the Supreme Court adopted from the Seventh Circuit for identifying a lesser included offense, states that "[u]nder this test, one offense is not 'necessarily included' in another unless the elements of the lesser offense are a subset of the elements of the charged offense."  In United States v. Williams, 197 F. 3d 1091 (11th Cir. 1999), a ten-year old accused a computer specialist of abusive sexual contact that

allegedly occurred at a youth center on a military base at which the defendant was employed.  The defendant requested and the district court denied an instruction to the jury that simple assault under Section 113(a)(5) is a lesser included offense of abusive sexual contact, that is, that the elements of a Section 113(a)(5) simple assault are a subset of the elements of a Section 2244(a)(1) abusive sexual contact.  Employing the "elements test" from <u>Schmuck</u>, <u>Williams</u> compares the elements of abusive sexual contact to the elements of simple assault and concludes that the latter is a lesser included offense of the former and that the district judge erred in denying the defendant's request for the instruction.

Because, similar to the defendant in <u>Williams</u>, the present defendant claims that a Section 113(a)(5) simple assault (Count Two) is a lesser included offense of a Section 2244(b) and (c) abusive sexual contact (Count One), the defendant also claims necessarily that the elements of a simple assault are a subset of the elements of an abusive sexual contact, that is, that every abusive sexual contact includes a simple assault (although not every simple assault is also an abusive sexual contact).

The jury instructions in this case describe the elements (modified slightly to encompass the facts of this case) of an abusive sexual contact under Section 2244(b) and (c):

> First:      That the defendant, on or about the date alleged in the indictment, knowingly touched, either directly or through the clothing, the breast or inner thigh of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person;
>
> Second:   That the sexual contact was without the victim's permission;

Third:        That the victim was under the age of twelve; and

Fourth:      That the sexual contact occurred during a flight on a civil
             aircraft of the United States.

The jury instructions in this case specify the elements of a simple assault under

Section 113(a)(5):

First:        That the defendant knowingly and willfully touched the person
             in a patently offensive manner;

Second:      That the defendant touched the person without justification or
             excuse.

Third:        That the person is an individual who has not yet attained the
             age of sixteen years; and

Fourth:      That the assault occurred during a flight on a civil aircraft of the
             United States.

First, every knowing touching, either directly or through the clothing, of the

genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to

abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person,

which touching is an element of an abusive sexual contact, is also a knowing touching

of a person in a patently offensive manner, which is an element of a simple assault (the

United States tendered and the defendant accepted "patently offensive manner" as a

description of the required touching; although simple assault includes other instances of

touching besides a "patently offensive" touching, every otherwise qualifying and patently

offensive touching is a simple assault).

Second, every knowing touching, either directly or through the clothing, of the

genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to

abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person,

which touching is without the victim's permission, which absence of permission is an element of an abusive sexual contact, is also a touching without justification or excuse, which is an element of a simple assault.

Third, the jury instructions in this case include the age of the victim among the "elements" of the offenses. The instruction specifying the elements of an abusive sexual contact includes the "element" that the victim's age is less than twelve.  The instruction specifying the elements of a simple assault includes the "element" that the victim's age is less than sixteen.  Because any person not yet twelve is also not yet sixteen, this element of an abusive sexual contact also satisfies the corresponding element of a simple assault.  Although the victim's age is not formally an element of either offense, each statute provides an enhanced sentence based on the victim's age.  The jury instructions include age (perhaps, in retrospect, clumsily and unwisely) as an "element" only because the victim's age was undisputed and because inclusion of the undisputed issue of age in the jury instructions expeditiously satisfies the requirement of Apprendi v. New Jersey, 530 U. S. 466 (2000), that the indictment allege and that the jury unanimously find any fact necessary for the enhancement of a sentence.  (The parties stipulated to the United States' proposal to include age among the offense elements in the jury instructions.)

Fourth, Section 2244(b), which defines abusive sexual contact, includes as an element of an abusive sexual contact that the incident occur in the special maritime and territorial jurisdiction of the United States or in any federal prison or in another specified place where a person is confined pursuant to an agreement with the Attorney General.

Section 113, which defines simple assault, includes as an element of a simple assault that the incident occur in the special maritime and territorial jurisdiction of the United States.  Because the events alleged in the indictment undisputably occurred on a civil aircraft in flight in the United States and because 49 U.S.C. § 46506 prohibits "an individual on an aircraft in the special aircraft jurisdiction of the United States" from committing any act that "if committed in the special maritime and territorial jurisdiction of the United States would violate section 113 . . . or chapter 109A [which includes Section 2244] of title 18," the parties – in behalf of simplicity – agreed to express in the jury instructions the undisputed but essential element of jurisdiction with respect to each alleged offense by the words "occurred during a flight on a civil aircraft of the United States."  In other words, with respect to each offense and by operation of Section 46506, the special aircraft jurisdiction of the United States is substituted for both the special maritime and territorial jurisdiction and prisons and other places of confinement.  Because the jurisdictional requirements are identical under Section 46506 for either abusive sexual contact or simple assault, if either occurs on a civilian aircraft in flight in the United States, every abusive sexual contact that occurs in flight and is punishable under Section 2244 is also a simple assault that is punishable under Section 113.

In sum, a careful comparison of the elements of abusive sexual contact and simple assault, both of which are prohibited by and punishable through Section 46506 when occurring in a civilian aircraft in flight in the United States, confirms that the elements of the latter are a subset of the elements of the former and that the latter is a lesser included offense of the former.  In sum, every instance of abusive sexual contact

occurring in a civilian aircraft in flight in the United States is also a simple assault aboard that aircraft.

In opposition to the defendant's motion, the United States cites (Doc. 61 at 4-5) <u>United States v. Crawford</u>, 413 F.3d 873, 876 (8th Cir. 2005), which holds narrowly that the jury instruction on an uncharged (which is not the present circumstance) but lesser included offense of simple assault is "appropriate" only, among other things, if "there is evidence such that the jury may find the defendant innocent of the greater and guilty of the lesser-included offense."  (In other words, a lesser included offense is not merely a gratuitous invitation to the jury to "go easy" on the defendant.)  In the present case, at least one view of the evidence permits the conclusion that the defendant (assuming proper identity) actually touched the victim (by reaching across her to a window or by watching with her a movie or by otherwise touching her only incidentally while seated next to her) although not touching her in a sexual manner (but in an otherwise offensive manner).  In fact, <u>Crawford</u> powerfully recognizes the availability of simple assault as a lesser included offense of abusive sexual contact and powerfully reinforces the propriety of instructing the jury on the lesser included offense in the present circumstance.

## **CONCLUSION**

With respect to Count Two, the defendant's motion seeks either dismissal or arrest of judgment.  Because Count Two charges an offense under 18 U.S.C. §§ 113(a)(5) and 49 U.S.C. § 46506(1) and because the district court possesses jurisdiction of the charged offense, arrest of judgment is unavailable.  However, because of the conviction on Count One, the constitutional prohibition against "double

jeopardy" precludes maintenance of an action for the lesser included offense and requires dismissal of Count Two.  <u>Brown v. Ohio</u>, 432 U.S. 161, 165 (1977); <u>North Carolina v. Pearce</u>, 395 U.S. 711, 717 (1969).  The defendant properly requested a jury instruction that, if the defendant was acquitted on Count One, the jury next should consider Count Two, the lesser included offense.  The requested instruction, entirely proper, avoids "double jeopardy."  Absent the requested instruction, the defendant's motion is **GRANTED** and Count Two is **DISMISSED**.

ORDERED in Tampa, Florida, on June 22, 2007.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE